The appeal brings up a decree advised by Vice-Chancellor Buchanan holding that the defendant's lien for arrearages in water rents was valid.
The facts in this case and the statute applicable were correctly stated by the learned vice-chancellor as follows:
"This is a bill to quiet title with regard to certain lands in New Brunswick. The jurisdictional facts are duly proven or admitted. *Page 259 
"The premises in question were owned by John M. Arniel and George G. MacPherson, and had been by them mortgaged to complainant. On the foreclosure of that mortgage, complainant purchased and became the grantee of the said premises under deed from the sheriff on October 10th, 1934; and ever since has been in peaceful possession thereof and is still the owner thereof.
"The defendant municipality owns and conducts a municipal water works from which it supplied water to the former owners Arniel and MacPherson between April 1st, 1930, and January 1st, 1934, for the total charge of $1,771.55. Further water was furnished between January 1st, 1934, and October 1st, 1936, at a total charge of $565.30. No part of either of these sums was paid by Arniel and MacPherson or complainant, or anyone else.
"The defendant municipality claims a lien or liens upon the premises in question for these unpaid water rents and interest thereon, under and by virtue of sections 11 and 12 of article XXXII of the act concerning municipalities. P.L. 1917, c. 152,p. 319, at p. 436. Those sections — or the pertinent portions thereof — provide as follows:
"`Sec. 11. The owner of any * * * building or lot shall each be liable for the payment of the price or rent * * * for the use of water by such owner or by the occupier, * * * and such price or rent * * * shall be a lien upon said * * * building or lot, until the same shall be paid and satisfied. * * *
"`Sec. 12. * * * If any water rent or rents or other charges shall remain unpaid and in arrears for six months, the officer or board charged with the duty of the collection thereof shall file with the officer charged with the duty of the collection of tax arrears a statement showing such arrearages, and from the time of such filing the said water rent or rents or other charges shall be a lien upon the land and buildings to which said water was furnished, * * * to the same extent as taxes are a lien upon lands in said municipality, and shall be collected and enforced by the same officers and in the same manner as liens for taxes are enforced and collected.'
"No statement was filed by the water board (in respect of the water rents between April 1st, 1930, and January 1st, 1934, amounting to $1,771.55) until January 2d 1934, when a statement was filed with the tax collector for the arrearages *Page 260 
in the amount aforesaid for the period aforesaid. Subsequently, on July 1st, 1934, October 1st, 1935, January 2d 1936, April 1st, 1936, July 1st, 1936, and October 1st, 1936, statements of arrearages were filed with the tax collector for the arrearages due to the said city on the respective dates last mentioned — each of which statements included the arrearages of $1,771.55 due to the city for the water furnished between April 1st, 1930, and January 1st, 1934.
"Under the municipal ordinance, water rents became due and payable on the first days of January, April, July and October in each year.
"Complainant does not question the lien of the defendant for the water rents which accrued subsequent to January 1st, 1934, totaling $565.30, and has tendered to the defendant that amount together with interest. The defendant has refused to accept such tender, claiming lien for the further amount of $1,771.55 with interest.
"The only issue involved in the present case is whether or not the defendant has a valid lien against the premises for the $1,771.55 and interest in question. Concededly the determination of this issue depends solely upon the provisions of the statute hereinbefore quoted and the true interpretation of such statutory provisions."
It is perfectly clear to us that the lien is vested by section 11 of the statute quoted and that section 12 affords a means for the collection thereof.
The decree is affirmed.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER. JJ. 15.
For reversal — None. *Page 261